# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WESLEY E. GRISSOM**                                                                                     **PLAINTIFF**
**ADC #110265**

v.                              No: 4:22-cv-00874-BSM-PSH

**CHARLIE FREYDER,** *et al.*                                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On September 22, 2022, plaintiff Wesley E. Grissom, an inmate at the Arkansas Division of Correction's Randall Williams Correctional Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Doc. No. 2) as well as an *in forma pauperis* application (Doc. No. 1).

Grissom is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Grissom were dismissed for failure to state a claim before he filed this lawsuit: *Grissom v. Fraiser, et al.,* No. 6:07-cv-06024-RTD (W.D. Ark.); *Grissom v. Smith, et al.,* No. 5:13-CV-00045-SWW (E.D. Ark.); and *Grissom v. Hutchinson, et al.*, No. 4:16-cv-00559-BSM (E.D. Ark.).  The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Grissom alleges that defendants violated his constitutional rights and RLUIPA by not allowing him to attend and participate in certain religious services.  Doc. No. 2.  His complaint solely concerns his religious rights; he makes no allegation that

the defendants pose a serious and ongoing threat to his physical safety. Because Grissom does not describe any threat of imminent serious physical injury, he may not proceed in this case unless he pays the $402 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. Grissom's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Grissom be given thirty days to reopen the case by paying the $402 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 26th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE